## In re UNIVERSITY MAGAZINE CO.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. CLAIM AGAINST RECEIVER—SERVICES OF ATTORNEY.

The unsuccessful efforts of an attorney in defending his own bill for counsel fees on a reference cannot be made the basis of a charge against a receiver.

Appeal from Special Term, New York County.

Motion by the American Surety Company to compel Ruford Frank-lin, receiver of the University Magazine Company, to pay over a sum specified in a previous order. From an order denying the motion, the moving party appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

R. H. Towner, for appellant.

F. De Lysle Smith, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion to compel one Ruford Franklin, as receiver of the University Magazine Company, to pay to the American Surety Company the sum of $250, together with interest thereon from February 27, 1899.

The material facts set out in the moving papers are as follows:

One Faulkner was appointed temporary receiver of the University Magazine Company, and, as such, received certain money and property belonging to it. He was subsequently removed, and ordered to turn over to Franklin, who was appointed in his place, the money which he held. The order, which was duly entered, provided, among other things, as follows:

"Ordered, that out of the proceeds of the sum herein found due and owing from the said Albert U. Faulkner, as said former temporary receiver of said University Magazine Company, and for which he has failed to account, to be collected by the said Ruford Franklin, the present temporary receiver of the said University Magazine Company, there shall be paid, when collected, the sum of $250 to Messrs. Cantor & Van Schaick; the said sum of $250 being the amount allowed to the said Cantor & Van Schaick as an additional counsel fee for services rendered by them to the said Albert U. Faulkner as former temporary receiver of said University Magazine Company, as found and allowed to them in the report of the referee, * * * hereby and herein confirmed."

After this order had been entered, the American Surety Company, who was the surety upon the bond of Faulkner, paid, without action, to Franklin, the sum of $5,000, in discharge of its liability as such surety. Franklin also received from other sources the additional sum of $191.35; making, in all, the money which he received, without, so far as appears, any substantial effort upon his part, the sum of $5,191.35. Cantor & Van Schaick assigned their claim for the $250 specified in that provision of the order above quoted to the surety company, and, the receiver having neglected and refused to pay such sum to it, a motion was made to compel him to do so. The motion was denied, and the surety company has appealed.

The order settling the accounts of Faulkner directed his successor, Franklin, the present receiver, to pay out of the amount due from Faulkner, when collected, the sum of $250 to Cantor & Van Schaick for their services, and it was his duty to obey this order as soon as there were sufficient funds in his hands to do so. This he did not do, and his only excuse is that the entire fund which has come into his hands either has been or will be used up in counsel fees and expenses in the administration of the trust committed to him; and, in this connection, it appeared that his counsel presented a bill for $3,650,

upon which he paid $900. An objection was made by the creditors of the magazine company and the Attorney General to the payment of the balance of the bill, and a reference was thereupon ordered, to pass upon the reasonableness of the charges made. The expenses of such reference were upwards of $1,000, and the result of it was that the counsel's bill was reduced $1,150. Notwithstanding that fact, it is claimed that the receiver is indebted to counsel in an additional $500 for services rendered upon the reference. It is difficult to understand upon what theory it could be supposed that the unsuccessful efforts of an attorney or counsel in defending his own bill could be made the basis of a charge against a receiver. If it could be, it is easy to see how an entire estate might be used up in paying counsel fees for services rendered upon references ordered to determine the reasonableness of charges made. Here the entire fund, so far as appears, which the receiver held, was collected or received by him without any litigation whatever. Nor was there any necessity, so far as appears, for the employment of counsel, except as to the most formal matters connected with the trust estate, and in the preparation and settlement of the receiver's accounts. He has received upwards of $5,000, and not a cent of which has been paid to creditors, but the entire fund, less $717.47 now in the hands of the receiver, has been paid to counsel, to a referee to pass upon the reasonableness of counsel's bill, stenographer's fees in connection with the reference, and other expenses of the receiver's administration; and, in addition to this, it is claimed that there are other expenses which will more than exhaust the moneys now in his hands. It is a sad commentary on the administration connected with insolvent estates, when they can be entirely used up in this way. The receiver still has in his hands $717.47, and there is nothing to show that this is not amply sufficient to pay all of the legitimate expenses, including the $250 directed to be paid in the former order of this court to Cantor & Van Schaick. The receiver, therefore, should comply with the former order of this court, and pay to the American Surety Company, as the assignee of Cantor & Van Schaick, the sum therein directed to be paid, together with interest thereon.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.